**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 10, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

RAFAEL ADEMIR MARTINS,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 22-9514
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Rafael Martins petitions for review of a reinstated order of removal by an

immigration judge (IJ).  Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny

the petition.

**BACKGROUND**

Mr. Martins is a native and citizen of Brazil.  In April 2021, the Department of

Homeland Security (DHS) removed him to Brazil for seeking admission to the United

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

States without a valid entry document.  In January 2022, Mr. Martins illegally reentered the United States.  A Border Patrol agent issued Mr. Martins a copy of DHS Form I-871 "Notice of Intent/Decision to Reinstate Prior Order."  R. at 17.  The Border Patrol Agent signed the portion of the form indicating "the existence of a right to make a written or oral statement contesting this determination[] were communicated to the alien."  *Id*.  Another section of the form titled "Acknowledgement and Response" included check boxes for Mr. Martins to indicate whether he did or did not wish to make a statement contesting the reinstatement determination and a space for him to sign.  *Id.*  Neither box is checked, and the signature block is stamped with the notation: "REFUSED TO SIGN."  *Id.*

DHS reinstated its prior order of removal.  Sometime later, Mr. Martins told officials he feared persecution or torture if he returned to Brazil.  So, an asylum officer interviewed him.  During the interview, Mr. Martins stated he was afraid because he had helped U.S. law enforcement against an American member of the Sinaloa drug cartel in Mexico.  Mr. Martins stated he had never been threatened or harmed in Brazil but he was afraid the cartel had members in Brazil.  The asylum officer found Mr. Martins credible but concluded he did not have a reasonable fear of persecution or torture in Brazil.

Mr. Martins requested review by an IJ.  The IJ reviewed the credible fear interview and related documents and took testimony from Mr. Martins.  During his testimony before the IJ, Mr. Martins again stated cartel members threatened him twice when he was in Mexico.  The IJ also concluded Mr. Martins did not have a

reasonable fear of the possibility of torture or persecution in Brazil. The IJ wrote:

"No harm or threats in Brazil. Threats stem from Mexico. Feared harm is not on account of a protected ground. No grounds to fear torture or persecution in Brazil." R. at 2. Mr. Martins then petitioned for this court to review the IJ's determination.

## DISCUSSION

Mr. Martins makes two arguments in his petition for review. First, he argues DHS violated his due process rights by not providing him with the opportunity to make a statement contesting the reinstatement of his 2021 removal order. Second, he argues substantial evidence does not support the asylum officer and IJ's negative reasonable fear determination.

In connection with the first argument, we review legal issues de novo. *See Niang v. Gonzales*, 422 F.3d 1187, 1196 (10th Cir. 2005). The Immigration and Nationality Act empowers the Attorney General to summarily reinstate orders of removal against aliens who illegally reenter the United States:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). Regulations require DHS to give an alien subject to reinstatement of a prior removal order the opportunity to make a statement before the agency proceeds with removal. *See* 8 C.F.R. § 241.8(b).

3

Here, the record belies Mr. Martins's assertion DHS did not give him an opportunity to make such a statement:  the Border Patrol agent affirmatively averred that he advised Mr. Martins of this right, but that Mr. Martins refused to sign a form indicating his election.  Mr. Martins argues the failure to check either box next to the signature line (that he refused to sign) indicates the Border Patrol agent did not inform him of his rights, but this inference is faulty.  If Mr. Martins refused to sign the "Acknowledgement and Response" portion of the form, it is reasonable for the Border Patrol agent not to check a box indicating a choice Mr. Martins refused to make.  The agent nonetheless reasonably treated Mr. Martins's refusal to decide whether to make a statement (and concomitant refusal to sign a form memorializing that choice) as a refusal to make a statement.

As to the second argument, this court has not determined the applicable standard of review of a negative reasonable fear determination.  But we need not resolve the issue here because both Mr. Martins and the government contend that the substantial-evidence standard applies.[1]  Under that standard, "findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary."  *Niang*, 422 F.3d at 1196 (internal quotation marks omitted).  To proceed beyond a reasonable fear interview, an alien must "establish[] a reasonable possibility that he or she would be persecuted on account of

---

[1] We also note that at least two other circuits have concluded that negative reasonable fear determinations should be reviewed for substantial evidence.  *See Romero v. Att'y Gen.*, 972 F.3d 334, 337, 340 (3d Cir. 2020); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833–36 (9th Cir. 2016).

his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c).

The asylum officer's finding that Mr. Martins did not make this showing, and the IJ's affirmance of this finding, is consistent with Mr. Martins's testimony and statements in the credible fear interview in which he admitted he had never suffered harm or threats in Brazil, and that the only threats he received came when he was in Mexico. Mr. Martins also testified he had family in Brazil—both parents and two siblings—but he did not testify cartel members had harmed them, threatened them, or even approached them asking for Mr. Martins's whereabouts. Even if a reasonable adjudicator *could* have found Mr. Martins's testimony sufficient to establish a reasonable possibility of persecution or torture in Brazil, the record does not demonstrate "that any reasonable adjudicator would be compelled" to so find. *Niang,* 422 F.3d at 1196.

We also reject Mr. Martins's argument that the no-credible-fear conclusion was inconsistent with the asylum officer and IJ's finding that Mr. Martins was credible. "[E]ven if the [agency] treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1680 (2021). Substantial evidence supports the conclusion that Mr. Martins's testimony, although credible, was insufficient to further delay the reinstatement of his prior removal order.

5

## CONCLUSION

We deny the petition for review.

Entered for the Court

Carolyn B. McHugh
Circuit Judge